IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**REBECCA LEWIS**                                                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.  2:03cv1-KS-JMR**

**PHI KAPPA TAU FRATERNITY, INC.;**
**UNIVERSITY OF SOUTHERN MISSISSIPPI**
**LOCAL CHAPTER OF PHI KAPPA TAU**
**FRATERNITY; And JOHN R. PARKER**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed on behalf of defendants Phi Kappa Tau Fraternity, Inc., and the University of Southern Mississippi Local Chapter of Phi Kappa Tau Fraternity (fraternity defendants).  The court, having reviewed the motion and supplemental motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds as follows, to wit:

## FACTS AND CLAIMS

On or about June 22, 2001, the plaintiff, Rebecca Lewis (Lewis) was injured when she was hit with an empty beer bottle in front of the USM Phi Kappa Tau house. She was injured at approximately 2:00 A.M. in the morning while riding as a passenger on a four wheeled ATV (four-wheeler) operated by Brad Tompkins on the sidewalk in front of the Phi Kappa Tau house.  The evidence indicates that the plaintiff had been to

a party at another fraternity house which had ended when she was invited by Tompkins to go on the ill-fated drive.  Shortly before the incident in question, members of Phi Kappa Tau had allegedly heard a four-wheeler cutting "donuts" in the back yard of the house.  Thus, when Tompkins and Lewis approached the house on the front sidewalk, Parker went out to investigate.  Allegedly, Parker was angry about the damage done and, assuming that Tompkins was responsible, retaliated by throwing the beer bottle at Tompkins striking Lewis.  Lewis suffered significant injuries to her facial area as a result of the incident.

At the time this incident occurred, USM was in summer session.  The evidence is uncontradicted that USM owned the Phi Kappa Tau house and that it was treated as a dormitory.  Only the fraternity members were allowed leased individual rooms from USM and made lease payments directly to USM.  During fall and spring sessions, USM kept a graduate assistant on premises to act as a "dorm mother."  However, no such person was present during summer sessions.  Further, the local Phi Kappa Tau chapter was inactive during summer sessions with no officers required to be present and no regularly scheduled meetings were required to be conducted.

The plaintiff filed her original complaint on January 6, 2003, in which the University of Southern Mississippi (USM) was also a defendant.  USM was voluntarily dismissed without prejudice by order of May 2, 2003.  Defendant Parker then filed a motion to dismiss which was denied by Judge Helen G. Berrigan on December 28, 2004.  After proceeding through discovery and other motions, the case was reassigned to the undersigned on November 28, 2005.  On December 2, 2005, the court conducted a telephone conference with counsel for all parties and entered an order setting special

deadlines for the completion of discovery and the filing of a supplemental motion for summary judgment by the fraternity defendants and response thereto.

**STANDARD OF REVIEW- SUMMARY JUDGMENT**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and

the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating

such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court," (*Topalian* 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment."  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

**ANALYSIS**

The plaintiff's amended complaint asserts that the fraternity defendants were "under a duty to exercise reasonable care in supervising its fraternity members and to exercise reasonable care to protect others from reasonably foreseeable actions of its

members." Amended Complaint ¶ XII. Based on the foregoing, the plaintiff generally disavows that she is proceeding under normal premises liability law where the court is required to determine her status as an invitee, licensee or trespasser prior to determining whether any duty owed her was breached. See *Leffler v. Sharp,* 891 So.2d 152 (Miss. 2004). Further, because of her theory of the case, she asserts that it is irrelevant that USM owned the premises or that the incident occurred during summer session when the fraternity was basically inactive.

The local USM chapter of Phi Kappa Tau is an unincorporated association. The parties agree that as a matter of general Hornbook law, such an association is not responsible for the wrongful acts of its individual members unless it has encouraged or promoted such acts or subsequently ratifies them. *See generally* 6 Am. Jur. 2d Assoc. & Clubs § 47 (West 2005). However, the plaintiff contends that it is a jury issue as to whether the local chapter has in fact promoted or ratified such activities as under-age drinking and the sort of conduct by Parker which precipitated the incident at issue by failing to properly monitor and police its members or to stop such activities that it knew was occurring. Other than anecdotal and speculative conclusions, however, the plaintiff has presented absolutely no evidence to support any such allegations.

As to the national Phi Kappa Tau Fraternity, Inc., the plaintiff candidly admits that there must generally be some sort of special relationship between the national organization and the local chapter in order to create an affirmative duty of supervision or an assumption of the control of day-to-day local activities. However, once again the plaintiff argues that whether such a special relationship exists or whether the national Phi Kappa Tau has assumed local control creates a question of fact in this case based

6

on the national membership manual which generally discourages the type of conduct which occurred here.

While there is a paucity of law on the control issue as between the national and local chapter, there are analogous cases in the area concerning litigation involving the Boy Scouts of America. These cases support the proposition that in order to hold the national organization liable for the conduct of local activities, there must be an assumption of control of the day-to-day activities by the national organization. See generally *Wilson v. St. Louis Area Council, Boy Scouts of America*, 845 S.W.2d 568 (Missouri 1992); and *Mauch v. Kissling*, 783 P.2d 601 (Wash. 1989).

There is no evidence of the assumption of any of the day-to-day activities of the local chapter by the national organization to support the imposition of liability requested by the plaintiff. Additionally, a review of the membership manual provides no support to plaintiff's argument.

The plaintiff seems to be making a policy argument to bring this case within *Beta Beta Chapter of Beta Theta Pi Fraternity v. May*, 611 So.2d 889 (Miss. 1992). In that case the Mississippi Supreme Court affirmed a jury verdict of $50,000 actual and $100,000 punitive damages for a young girl thrown into a shallow pool at a drunken fraternity party. *May* is entirely distinguishable from this case. In *May,* the party was a regularly sponsored event of the local fraternity chapter during the regular school year. The plaintiff, May, was an invited guest to the premises and was thrown into the pool against her protest. The ownership and operation of the local premises was also somewhat different than that here. In May, however, the national organization was dismissed.

In *May* the Mississippi Supreme Court clearly sent a message that for certain functions organized and promoted by social fraternities, and attended by invited guests, the fraternities are responsible for the conduct of their members toward their guests. That is not the situation here. Under the facts of this case, the court can find no duty owed to the plaintiff by either the local fraternity defendant or the national organization.

IT IS THEREFORE, ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#103]** filed by Phi Kappa Tau Fraternity, Inc., and the University of Southern Mississippi Local Chapter of Phi Kappa Tau Fraternity is Granted and the plaintiff's complaint is dismissed with prejudice as to these defendants.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure. Any other pending motions in this matter are dismissed as moot.

SO ORDERED AND ADJUDGED this the 13th day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

\_